HOLLINGSWORTH *v.* McANDREW.

Opinion delivered May 28, 1906.

1. APPEAL—CONCLUSIVENESS OF FINDING.—A finding of the trial court in an action at law, based upon oral evidence not brought up by bill of exceptions, is conclusive on appeal. (Page 192.)

2. APPEAL—PRESUMPTION AS TO APPOINTMENT OF ADMINISTRATOR.—Where the circuit court made an order directing an administrator to sell land of decedent's estate, it will be presumed on appeal that the court determined *in limine* that the administrator had been duly appointed as such. (Page 192.)

3. SAME—REMAND—NEW DEFENSE.—A finding on a former appeal that a widow abandoned her homestead rights in her husband's land by selling same, and that she then held the land as an independent purchaser, is inconsistent with the defense of adverse possession interposed by her after the cause was remanded. (Page 193.)

4. JUDGMENT—RES JUDICATA.—Where, in a proceeding to subject the homestead of a decedent to the payment of his debts, this court, on a former appeal, held that the land was subject to decedent's debts, and reversed the cause with instructions to render judgment in accordance with its opinion, the judgment was conclusive against all defenses that might have been raised on the former trial. (Page 194.)

5. APPEAL—FILING MANDATE.—Filing the mandate of the Supreme Court with the clerk of the circuit court within a year after a cause is reversed is a compliance with Kirby's Digest, § 1236, providing that when a cause is reversed the mandate must be filed in the trial court within one year from the reversal. (Page 194.)

6. SAME—SUBSEQUENT PROCEEDINGS IN TRIAL COURT—FILING MANDATE.— Rule 14, prescribing that the judgment of this court shall "be entered of record in the circuit court" is merely a direction to the clerk as to the proper method of making up the record, and is not mandatory in the sense of being essential to the jurisdiction of the trial court to proceed with the cause after being remanded. (Page 194.)

Appeal from Benton Circuit Court; *John N. Tillman,* Judge; affirmed.

STATEMENT BY THE COURT.

J. G. McAndrew, as administrator of the estate of Seth Hollingsworth, filed his petition in the probate court of Benton County, asking for an order to sell a certain lot in the town of Siloam Springs, Benton County, Arkansas. The appellant Deborah Hollingsworth, who was the widow, and appellant Minnie

Strange, who was the daughter, of Seth Hollingsworth, were made parties to the petition in the probate court. That cause proceeded to judgment, the probate court making an order to sell the lot to pay debts probated against the estate. Appellants appealed from that judgment to the circuit court. The circuit court reversed the judgment of the probate court, and entered judgment directing a dismissal of appellee's petition for a sale of the lot. From that judgment appellee appealed to this court, and this court reversed the judgment of the circuit court, and remanded the cause "with instructions to the court to render a judgment in accordance with this opinion." That opinion was handed down June 4, 1904. *McAndrew* v. *Hollingsworth,* 72 Ark. 446. The mandate of this court on the former appeal was filed in the clerk's office of Benton County in vacation July 18, 1904. At the September term, 1904, of the Benton Circuit Court the case was docketed and called, whereupon on the 28th day of September, 1904, a day of said term, the appellants filed the following answer to the petition of appellee in this case:

"Come Deborah Hollingsworth and Minnie Strange, who was formerly Minnie Hollingsworth, and state to the court that they were each made parties defendant in the probate court of Benton County, Arkansas, to the petition of J. G. McAndrew, as administrator of the estate of Seth Hollingsworth, deceased, which petition he had filed in said court praying for an order to sell certain city lot belonging to the defendants to pay the debts of his intestate. That from the order and judgment of said probate court ordering the sale of said property belonging to these defendants they appealed to this court, and now ask leave of the court to file this, their answer to plaintiff's petition, and for answer thereto say:

"That on the——day of January, 1904, Seth Hollingsworth was a citizen and resident of Siloam Springs, in Benton County, Arkansas, and was the owner in fee simple of lot No. 5 in block No. 3 in said city of Siloam Springs, Benton County, Arkansas, as described on the plat of said city according to the original survey of said city. That he resided on said lot as his homestead. That the defendant Deborah Hollingsworth, was his wife, and the defendant Minnie Strange, who was then Minnie Hollingsworth, was his daughter. And that the said Seth Hollingsworth,

together with his wife and daughter, Minnie, constituted his family, and they all occupied and resided on said lot as the homestead of said Seth Hollingsworth, deceased. That on said day Seth Hollingsworth executed his last will and testament, in which he devised said lot to this defendant, Deborah Hollingsworth, in fee simple. That on the ——day of January, 1894, said Seth Hollingsworth departed this life in Benton County, Arkansas; that at the time of his death he still occupied said lot as his homestead. That, thereafter, on the —— day of ————— 189 ——, said will was duly probated by the probate court of Benton County, Arkansas, and at this time the said defendant Deborah Hollingsworth is the owner in fee simple of the remainder.

"2. These defendants deny that J. G. McAndrew was ever appointed administrator in succession of the estate of said Seth Hollingsworth, deceased, by the probate court of Benton County, Arkansas, and deny that he was the administrator in succession of said estate at the time he filed said petition to sell said lot described therein.

"3. For further answer these defendants deny that there has ever been a judgment rendered by the probate court of Benton County, Arkansas, in favor of the Philadelphia Construction Company against the estate of Seth Hollingsworth, deceased.

"4. For a further answer these defendants deny that there has been probated in the probate court of Benton County, Arkansas, a claim, debt or demand against the estate of Seth Hollingsworth, deceased, and deny that said court has ever ordered the administrator of said estate to pay any claim, debt or demand probated by said probate court and allowed. That on March 27, 1897, the defendant, Deborah Hollingsworth, sold said lot to said defendant, Minnie Strange, who was then Minnie Hollingsworth, for the expressed consideration of $5,000, and on said day executed to her a warranty deed for the said lot. That said deed was filed and recorded in the recorder's office in Benton County, Arkansas, on March 2, 1898. That on March 30, 1900 the said defendant Minnie Strange and her husband, W. G. Strange, sold and conveyed to the defendant Deborah Hollingsworth an estate for the life of said Deborah in said lot aforesaid, and the appurtenances thereto belonging. That on said date the said defendant was residing upon said lot as her home. That

she has held the actual possession of said lot and house situated thereon, as her homestead, from the date of said deed to this time. That, prior to selling and conveying to said Minnie, she, the said Deborah Hollingsworth, had owned and held the possession of said lot and appurtenances from the date of the death of her husband, Seth Hollingsworth, to the date of the deed to the said Minnie. That she occupied the same during that time as her homestead, and at the time of the filing of the petition of said plaintiff as administrator as aforesaid by him as such administrator against said estate.

"5. For a further answer to said petition, these defendants say that they have been in the actual, open, notorious, adverse possession of said lot, claiming title thereto under and by virtue of the will of said Seth Hollingsworth, deceased, executed as aforesaid, claiming title to said lot thereunder, adverse to the creditors of said Hollingsworth, deceased, and to the administrators of his estate for more than ten years last past, and that any right, or claim, or lien claimed by said administrator or any creditor of said estate is barred by the statute of limitations and laches on the part of said administrator, or any creditor of said estate. And that said lot is not now subject to debts of said deceased."

On October 4, 1904, appellee filed his motion to strike said answer from the files of the court, whereupon the court proceeded to hear said motion, and after hearing the same the court made the following finding on said motion, and rendered the following judgment in the case:

"Now, on this day the plaintiff files motion to strike from the files the answer heretofore filed by the defendants at the present term of this court. And, the same coming on for hearing and both parties announcing ready, the court proceeds to hear the same upon said motion and answer and upon the mandate and opinion and decision of the Supreme Court in this cause, and upon the briefs of attorneys in said court in said cause and upon the judgment of this court originally rendered herein and appealed from, and upon the records and pleadings in the probate court, and at request of defendants upon oral testimony as to an oral answer interposed by defendants in the original trial of the cause in this court and the contents of such oral answer.

Now, after hearing the evidence and argument of counsel, the court doth find and declare:

"1. That at the trial of this cause in this court at its adjourned term, June 4, 1901, defendants interposed an oral answer, in which all of the defenses contained in the answer filed at the present term were set up, except the defense denying that plaintiff had been duly appointed administrator of the estate of Seth Hollingsworth, and the defense of adverse possession for seven years, and that by inadvertence the making of such oral answer was not noted of record.

"2. That every question raised by the answer filed at the present term, except that of adverse possession, was litigated in this court at the former trial.

"3. That the question of adverse possession could have been litigated by defendants in said trial.

"4. That all questions now raised by answer were finally adjudicated by the Supreme Court in its opinion and judgment in this cause.

"5. That the judgment and orders of the Supreme Court herein preclude this court from re-trying this cause upon any issues raised by said answer, and that this court has no authority or discretion to make any judgment or order herein except to enter judgment for plaintiff in accordance with the opinion and judgment of said Supreme Court."

The defendants excepted to each of these findings and declarations except the first.

"1. It is therefore considered, ordered and adjudged by the court that the motion to strike answer from the files be and the same is sustained, and said answer is stricken from the files.

"2. In obedience to the opinion and mandate of the Supreme Court herein, it is further ordered that the petition of plaintiff herein, as administrator in succession of the estate of Seth Hollingsworth, deceased, to sell certain lands of said Hollingsworth to pay debts probated against said estate, towit: lot five (5) in block No. three (3) in the original survey of Siloam Springs, in Benton County, Arkansas, be and the same is granted.

"3. It is further ordered and adjudged by the court that the plaintiff do have and recover of and from the defendants and from R. S. Morris, and W. G. Strange, the sureties on their ap-

peal bond from the probate court, all his costs laid out and expended on account of said appeal from the probate court.

"4. That the judgment of this court be certified by the clerk thereof to the probate court of Benton County, Arkansas, to the end that said probate court may proceed with the administration of the estate in accordance with the judgment of this court, and with the judgment and opinion of the Supreme Court herein.

"To each of these orders and judgments the defendants excepted, and prayed an appeal to the Supreme Court of the State of Arkansas, which appeal is by the court granted. Whereupon the defendants present their bill of exceptions, and ask that the same be signed, filed and made a part of the record of the case, which is accordingly done."

To all of said findings, orders and judgments the appellants at the time excepted and appealed to this court. Whereupon on October 5, 1904, during said term, the appellants presented their bill of exceptions containing their answer which the court had stricken from the files, whereupon said bill of exceptions was signed and filed in open court on October 5, 1904.

*E. P. Watson,* for appellant.

1. Upon the reversal and remand of a case by this court to the lower court the whole case stands for trial *de novo.* 29 Ark. 98; 13 Ark. 253; 52 Ark. 473; 16 Ark. 181; 70 Ark. 195; 73 Ark. 513; 11 Enc. Pl. & Pr. 865; *Ib.* 771, 772.

2. The question of the jurisdiction of the court in proceedings *in rem* over the parties or subject-matter may be raised at any time. 11 Cyc. 700. A proceeding to sell the lands belonging to a decedent to pay debts is a proceeding *in rem.* 13 Ark. 177; 19 Ark. 499; 47 Ark. 413, and cases cited. Unless the record discloses affirmatively that the testator's will has been probated, there is no jurisdiction to appoint either an executor or administrator with the will annexed; neither is there jurisdiction to take the land that has been devised or descended to heirs as assets held by the administrator. Woerner, Admin. 562; 44 Ark. 496; Kirby's Digest, § 10; 34 Ark. 451; 15 Ark. 26; 38 Ark. 631; Black on Judgments, § 278. An application by one who acts, but has not been legally qualified, as administrator gives

no jurisdiction to the court; and if it order a sale, and approve the same as made, such sale is void. 2 Woerner, Admin. 1023, and note.

3. Lands are assets in the hands of the administrator only for the payment of debts. Kirby's Digest, § 79; 46 Ark. 373. If it be shown that there are no debts due by the estate, then the court loses jurisdiction to order a sale. 1 Black, Judgments, § § 242, 243; 47 S. W. 837. And an order to sell, and any sale thereunder, is void. 2 Woerner, Admin. 1035; 52 Ark. 320. Heirs and devisees may at time show that there are no debts, when the administrator is attempting to sell lands devised to or inherited by them. Black on Judgments, § § 641, 560; 24 Am. & Eng. Enc. Law (2 Ed.), 753. It is shown that the widow is in actual adverse possession under the will, claiming title under the will and by adverse possession. If she holds adversely under the will until evicted, the administrator and the court can not treat the lot as an asset and take jurisdiction over it. 46 Ark. 373; 1 Woerner, Admin. 338.

4. There is no record to show that the mandate was filed in the circuit court, and the record does show that it was not spread on the record of that court. For these reasons the court had no jurisdiction. Kirby's Digest, § 1236; Rule 14 Sup. Court.

5. It was error in the circuit court to order the case to be certified down to the probate court for proceedings there in accordance with the judgment of the circuit court and Supreme Court. Kirby's Digest, § 1351; 38 Ark. 388; 63 Ark. 145. It should have ordered the sale in the manner provided by the statute. Kirby's Digest, § § 186, 191.

*McGill & Lindsey,* for appellee.

1. Every issue now presented, except adverse possession, was presented in the former appeal and determined. 72 Ark. 446. On reversal, the circuit court is only left free to make such order or direction in the further progress of the case, not inconsistent with the decision of this court, as to any question not presented or settled by such decision. 16 Ark. 181. All questions determined when a cause is before this court on appeal are, and must be

treated, as *res judicata.*   13 Ark. 253; 26 Ark. 17; 44 Ark. 383; 55 Ark. 609; 56 Ark. 170; 60 Ark. 50; 63 Ark. 141.

2.   It was appellant's duty on the other trial to set up every defense which existed, of which they had knowledge.   If there were any defenses which they failed to plead, they thereby waived them.   If appellant's defenses were not litigated, they could have been..   76 Ark. 423; 24 Am. & Eng. Enc. Law, 782 and notes.

3.   While it would have been proper for the circuit court to direct the administrator to make the sale, yet it was not error to direct the probate court to make the order.   48 Ark. 544.

WOOD, J., (after stating the facts.)   The bill of exceptions only includes the answer which the lower court struck from the files.   The record shows that the circuit court heard the motion to strike "upon said motion and answer and upon the mandate and opinion of the Supreme Court in this cause, and upon the briefs of attorneys in said court in said cause, and upon the judgment of this court originally rendered herein and appealed from, and upon the records and pleadings of the probate court, and, at the request of defendants, *upon oral testimony as to an oral answer interposed by defendants in the original trial of the cause in this court, and the contents of such oral answer.*"   In the absence of a bill of exceptions showing what the oral testimony was, the finding of the trial court that "defendants interposed an oral answer, in which all of the defenses contained in the answer filed at the present term were set up, except the defense denying that plaintiff had been duly appointed administrator of the estate of Seth Hollingsworth and the defense of adverse possession," must be taken by us as conclusive.   So must the further finding: "That every question raised by the answer filed at the present term except that of adverse possession was litigated in this court at the former trial."   While the court found that the defense denying that appellee had been appointed administrator of the estate of Seth Hollingsworth was not set up in the oral answer, yet the court found further that such defense "was litigated."   In other words, we must take it that the lower court on the former trial determined that appellee had been duly appointed administrator of the estate of Seth Hollingsworth.   Such determination was necessary *in limine,* in order to ascertain whether or not the court had jurisdiction to pass upon his petition, and we

must presume that the court properly determined that fact, in the absence of any showing to the contrary. So every question now presented by appellants except that of adverse possession, and the question as to whether or not the circuit court acquired jurisdiction on the remand of the cause from this court, was presented and determined on the former appeal. In the opinion of this court on the former appeal, *McAndrew v. Hollingsworth, 72* Ark. 446, this court adopted the statement of facts made by appellant in that case (appellee here) as correct. That statement set forth the issues of law and fact which were presented for the court's decision, and was accepted by appellants here (appellees there) as correct, except in a matter of punctuation, which the decision rendered immaterial.

The question in this case from the beginning has been whether or not the lot in controversy could be sold to pay the debts of Seth Hollingsworth. Appellee's application to the probate court for authority to sell presented that question. Appellants were parties to that proceeding, and resisted the application. They should have presented in their answer all the defenses they had. On final judgment they must be held to have litigated all the questions that could have been settled that were necessary for the determination of the issue presented. If the defense of adverse possession had been set up and proved, this court would not have reversed the judgment. If it had been set up, and the lower court had refused or failed to pass upon it, the cause would not have been finally disposed of here, but would have been remanded for new trial. The law does not tolerate the trying of causes by piecemeal. It was settled on the former appeal that the lot in controversy was subject to the debts of Seth Hollingsworth. In that case we said: "The widow, Mrs. Hollingsworth, abandoned the homestead of her deceased husband by selling and conveying the land constituting it after his death. She now claims and holds the land as an independent purchaser under a deed executed to her by Minnie Strange after such abandonment." This holding shows that there was no adverse possession by Deborah Hollingsworth, and precludes the setting up of such defense after the remand of the cause to the lower court. This court also said on the former appeal: "There being no minor children, the lot in controversy has become an asset in the hands of the admin-

79—13

istrator of Hollingsworth for the payment of debts." This was an end of the whole matter, and settled against appellants every defense that they might have set up to appellee's petition to sell.

The cause was not reversed and remanded for new trial or further proceedings, but "with instructions to the lower court to render judgment in accordance with the opinion." As there was a final judgment on the issue presented, the doctrine of *res judicata* is applicable to all defenses that might have been raised on the issue joined. *Church* v. *Gallic,* 76 Ark. 423, cases cited, and authorities cited in 24 Am. & Eng. Enc. Law (2 Ed.), 767.

The lower court did not err in its interpretation of the instructions from this court, and its judgment was in conformity therewith. It had nothing further to do than to enter judgment.

The remand of the cause by this court and the filing of the mandate with the clerk of the lower court within the time prescribed by the statute gave the lower court jurisdiction. The filing *with the clerk of the circuit court* was a filing *in the court,* in contemplation of the statute, section 1236, Kirby's Digest. The clerk is the custodian of the papers and records of the court; and when court papers and records are filed with him, they are in law *filed in the court.* Rule 14 of this court prescribing that the judgment of this court "should be entered of record in the circuit court" is merely a direction to the clerk as to the proper method of making up the record for this court. It is not mandatory and peremptory in the sense of being essential to the jurisdiction of the lower court when a cause is remanded to it from this court. It had no reference to that.

The judgment is affirmed.