## SILVER FOX, INC. *v.* PENFIELD REAL ESTATE, INC.

CA 79-143        590 S.W. 2d 869

Opinion delivered November 28, 1979
Released for publication December 19, 1979

*James L. Sloan* and *Gibson & Crow*, for appellant.

*Garrett & Moudy* and *Hall, Tucker, Lovell & Alsobrook*, for appellee.

GEORGE HOWARD, JR., Judge. This is an appeal from the dismissal of appellant's objection to the allowance of $19,000.00, from proceeds of a land foreclosure sale, pur-

portedly due appellee, as a commission, for obtaining a buyer who was ready, willing and able to purchase real property listed by appellant for sale.

In December, 1977, appellant listed with appellee property known as the Silver Fox Restaurant. An offer and acceptance was executed December 14, 1977, between appellant and Gifford Powell and Stevann D. Powell, his wife, as buyers. As consideration for the purchase, buyers agreed to assume an existing mortgage held by Benton Savings & Loan Association of Benton, Arkansas, with a balance of approximately $93,382.00, payable in monthly installments of $1,044.26; buyers further agreed to pay the appellant $2,700.00 in cash and to execute a note to appellant for $90,000.00, payable over a period of fifteen years, which would be secured by a second mortgage on the property; and agreed to assume an equipment lease with Worthen Bank & Trust Company of Little Rock which involved a balance of $60,000.00, payable at approximately $2,000.00 per month.

It is undisputed that appellee was authorized and empowered to negotiate the sale and work out all of the details with the purchasers. Appellee assured appellant that the Powells were financially able to purchase the property and could comply with the terms of the offer and acceptance inasmuch as the purchasers had solvent backers. In reliance upon this assurance, appellant executed a warranty deed to the Powells on February 6, 1978. The Powells in turn executed an assumption agreement with Benton Savings & Loan Association and a note and second mortgage to the appellant.

On April 10, 1978, appellant assigned to appellee, to the extent of $19,000.00 as appellee's commission, the note and second mortgage received from the Powells.

The Powells defaulted in making the May and June installments to the Association and the payments due appellant.

On July 5, 1978, the Association instituted foreclosure proceedings under the first mortgage securing its note. The

Association made both appellant and appellee parties to the action.

On August 23, 1978, appellant filed its cross-complaint against the Powells for foreclosure on its second mortgage. Appellant also readily acknowledged, in its pleading, that appellee had a vested interest in the foreclosure proceeding inasmuch as it had an interest to the extent of $19,000.00, as its commission, in the note executed by the Powells and secured by the second mortgage.

The trial court on September 7, 1978, entered its decree foreclosing the first and second mortgages; and found that appellee should realize from the proceeds of the foreclosure sale its commission of $19,000.00 after the Association had satisfied its claim.

Sometime either immediately before or after the trial court's foreclosure decree was actually entered, appellant learned that prior to the actual closing of the sale of the property to the Powells, appellee was notified that the financial backers for the Powells had withdrawn their support and commitment. Appellee did not disclose this information to appellant.

On November 29, 1978, approximately 83 days after the entry of the trial court's decree, appellant filed its objection to the trial court's order of distribution directing that $19,000.00 of the proceeds be paid to appellee. Appellee resisted appellant's action contending that appellant was precluded from raising this belated issue inasmuch as the matter had been fully resolved by the trial court's decree which was entered of record on September 7, 1978. Moreover, appellee argues, that appellant expressly admitted in its pleading that appellee had earned the commission.

Appellant testified, by proffer since the trial court ruled a substantial portion of the relevant testimony inadmissible, that when appellant discovered the undisclosed information, appellant immediately consulted appellee; and that appellee told appellant that in the event the Powells failed to finalize the sale; appellee would forego its commission; that the

property would be relisted for sale; and that appellee would not receive a commission until a new sale was concluded. Consequently, appellant testified, it did not object to the proposed distribution until appellee reneged on its promise and insisted on its commission.

On the 31st day of January, 1979, the trial court conducted a hearing on appellant's objection. At the conclusion of appellant's evidence, the trial court, in response to appellee's motion to dismiss, denied appellant's request for relief.

The thrust of appellee's argument for affirmance is that appellant having admitted that appellee was entitled to its commission, appellant is now precluded from taking an inconsistent stance with this admission. In reliance upon this argument, appellee cites *International Harvester Company v. Burks Motors, Inc.*, 252 Ark. 816, 481 S.W. 2d 351 (1972), where the Supreme Court stated that a litigant is precluded from assuming inconsistent positions on the same issue in the same case. In *Burks*, a party litigant, in a tort action, alleged initially that it was not liable in the action because its liability as a tortfeasor had not been established. However, the litigant later took the position it was entitled to contribution as a joint tort feasor in the same case. The Supreme Court, we submit, correctly concluded in *Burks* that the litigant was bound by his pleadings and statements before the court and could not maintain an inconsistent posture to his prior stance.

The position taken by appellee here fails to come to grips with the force of appellant's argument. By way of summary, the evidence, which stands uncontradicted, shows that while appellant readily acknowledged the validity and genuineness of appellee's claim for its commission, appellant was unaware, because of appellee's failure to disclose, that the purchasers' financial standing had materially changed after the offer and acceptance had been executed. It seems clear that had appellant been informed of the change, appellant would not have finalized the proposed sale with the Powells. Moreoever, it is plain that appellant learned of the material change immediately before or after

the trial court's decree had been entered. When appellant consulted appellee about the nondisclosure of the material change in the Powell's financial ability to perform, appellee agreed to forego its commission until a new sale was consummated. However, appellee later reneged on this promise.

Affording appellant's evidence its strongest probative force, on appellee's motion to dismiss, as we must, we are persuaded that appellant stated a cause for relief which would, indeed, survive a motion to dismiss, or a demurrer to the evidence.

A real estate broker who fails to disclose material and significant facts which will enable his principal to act advisedly in determining whether the buyer's proposal is satisfactory, forfeits his commission. *Green* v. *Pickens*, 251 Ark. 691, 473 S.W. 2d 862 (1971); *Carnahan* v. *Lyman Real Estate Co.*, 170 Ark. 519, 280 S.W. 2d 5 (1926).

We are persuaded that our Supreme Court stated the essence of the relationship that exists between a broker and his principal in *Taylor* v. *Godbold*, 76 Ark. 395, 88 S.W. 959 (1905):

> . . . 'Like other agents in whom trust and confidence are reposed, the broker owes to his principal the utmost good faith and loyalty to his interests.'

Ark. Stat. Ann. § 22-406.4 (Repl. 1962 and Supp. 1979), provides as follows:

> [A] decree or order may be modified, set aside or vacated within ninety (90) days from the filing thereof with the clerk of the court *or in pursuance to a motion made within such ninety (90) days*, wherever, under the law heretofore in force, it might be modified, set aside or vacated prior to the expiration of the term of court at which it was rendered or in pursuance of a motion made at that term.

Appellant having filed its objection within 83 days from the entry of the decree, it seems clear that the trial court had

jurisdiction to entertain appellant's request for relief.

We conclude that the trial court erred in sustaining appellee's motion to dismiss, and accordingly, reverse and remand to the trial court.

Reversed and remanded.