Larone LOWE and Floy Edelle LOWE *v.*
Jones MORRISON et al

80-142                                      606 S.W. 2d 569
Supreme Court of Arkansas
Opinion delivered October 13, 1980
Rehearing denied November 17, 1980

*Charles L. Honey*, for appellants.

*Charles S. Gibson*, for appellees.

GEORGE ROSE SMITH, Justice. This case having been previously in this court, we have jurisdiction under Rule 29 (1) (j). On the first appeal we reversed a tort judgment in favor of the Lowes and remanded the case for a new trial. *Morrison* v. *Lowe*, 267 Ark. 361, 590 S.W. 2d 299 (1979). During the pendency of the appeal, however, the judgment was not superceded, and the Lowes collected $7,681.41 by garnishments.

On remand the Morrisons filed a motion for restitution of the money. The Lowes resisted the motion on the theory that since they no longer have the money, having spent it for living expenses, the Morrisons should be required to bring a separate action to recover it. The trial judge, refusing to accept that theory, treated the Morrisons' motion as a motion

for judgment and entered judgment in their favor for $7,- 681.41, plus the costs of the first appeal. For reversal the Lowes argue primarily that, even though the Morrisons' right to relief is undisputed, they should be compelled to bring a separate action, under our holding in *Dodson* v. *Butler*, 101 Ark. 416, 142 S.W. 503, 39 LRA (n.s.) 1100, Ann. Cas. 1913E, 1001 (1912).

We do not agree. The *Dodson* case construed an ancient statute, part of the Revised Statutes of 1838, which provides that when a judgment has been carried into effect before its reversal, the judgment defendant can recover from the plaintiff the full amount paid, "by an action of debt or on the case for so much money had and received to his use." Ark. Stat. Ann. § 27-2153 (Repl. 1979). In *Dodson* the judgment creditor had collected part of the judgment before reversal, but on remand the trial judge committed him to jail for contempt even though he had spent the money. We reversed that order and said in passing that the separate cause of action conferred by the statute became "the sole remedy" when the creditor no longer had the specific money or property. We did not, however, order such a separate action to be brought, merely remanding the case for a new trial.

The appellants are mistaken in arguing that Section 27-2153 "only allows recovery for so much money actually had and received to the *Lowes'* use" (our italics) and therefore would not enable the Morrisons to recover the one third retained by the Lowes' lawyers. The phrase in the statute was used in common law pleading to mean "*money had and received* by the *defendant* to and for the use of the *plaintiff.*" Chitty on Pleading, 362 (16th Am. ed., 1876). In this dispute, arising from the motion for restitution, the Morrisons are the plaintiffs and the Lowes the defendants. "Money had and received" at common law included money due upon an implied promise as distinguished from an express contract. Chitty states, p. 362, that an action for money had and received may be brought "to recover back money paid on a judgment subsequently reversed," but all four cases he cites were common law actions of *assumpsit*. *Stevens* v. *Fitch*, 11 Met. (Mass.) 248 (1846); *Maghee* v. *Kellogg*, 24 Wend. (N.Y.) 32 (1840); *Sturgess* v. *Allis*, 10 Wend. 354 (1833); *Clark* v. *Pinney*,

6 Cowen (N.Y.) 296 (1825). What our legislature did in 1838 was to state explicitly that the judgment debtor could recover either by action of debt or by an action on the case. Such distinctions were then vital, because if the plaintiff chose the wrong form of action his complaint was demurrable (and could not be amended). Chitty, 220.

Thus the 1838 statute construed in *Dodson* was designed to expand the judgment debtor's remedy, not to restrict it. That liberalization of our procedure was continued by the Civil Code of 1869, which abolished the common law forms of action and permitted amendments to pleadings in furtherance of justice. Pope's Digest (1937), §§ 1232 and 1463. Simplification of procedure was carried still further by our 1979 Rules of Civil Procedure, which govern this dispute. Rule 15 encourages amendments of pleadings to conform to the evidence, and Rule 61 recognizes the principle of harmless error whenever a defect in the procedings does not affect the substantial rights of the parties.

After the remand of this case all the parties were before the court, the dispute about restitution arose from this very case, the facts were undisputed, and the Morrisons' right to recover was beyond question. The trial judge was clearly right, under our liberal rules of procedure, in treating the motion for restitution as a motion for judgment, in view of the proof, and granting relief. Nor was there any reason for him to delay the award until a retrial, merely to permit a possible setoff against any judgment that might be recovered by the Lowes. After a reversal the case stands as if no action at all had been taken by the trial court. *Palmer* v. *Carden*, 239 Ark. 336, 389 S.W. 2d 428 (1965), As we said in the *Dodson* case: "The court, by its own act having occasioned wrong by the rendition of an erroneous judgment, has the inherent power by summary proceedings to afford redress to the injured party."

Affirmed.