## DES ARC BAYOU WATERSHED IMPROVEMENT DISTRICT *v.* Richard M. FINCH

80-240                                                      609 S.W. 2d 70
Supreme Court of Arkansas
Opinion delivered December 22, 1980

*Lightle, Beebe & Raney*, for appellant.

*Boyett & Morgan*, by: *Comer Boyett, Jr.*, and *Rose, Nash, Williamson, Carroll, Clay & Giroir, P.A.*, by: *W. Dane Clay*, for appellee.

JOHN F. STROUD, Justice. The issue in this case is whether the landowner may recover attorneys' fees, court costs and other expenses incurred by him in the defense of a condemnation action, when the condemnor elects to abandon the condemnation after the jury has determined damages. We esentially agree with the landowner that such a recovery is possible; however, there must be a finding of lack of good faith in such a situation and because the trial court made no such finding, the matter is remanded for further proceedings.

The Des Arc Bayou Watershed Improvement District was formally established in 1966 for the purpose of constructing and operating a flood control project on Des Arc Bayou in White County. The District was later persuaded by the Soil Conservation Service to expand the project to include construction of a lake for recreational purposes, larger than

the reservoir originally planned. While the land of Richard Finch would have been unaffected by the original flood control design, the expansion of the project for the recreational lake brought 57 acres of Finch's land within the boundaries of the area to be affected by the resultant flooding. The District then determined it was "necessary" to condemn a floodage easement upon those 57 acres, and the condemnation suit was filed. The White County Circuit Court appointed three appraisers as required by Ark. Stat. Ann. § 35-1102 (Repl. 1962) to assess the damages which would be caused to Finch's land by the project, and they filed their written report that there would be no damage to the land. After Finch filed his exception to the appraisers' report, a jury was impaneled by the Circuit Court to decide the question of damage to his land. The jury found that just compensation for the taking of the floodage easement was $30,000.

The District then decided it could not afford to pay the amount of the judgment, and filed in the same cause a Petition to Abandon Comdemnation of Floodage Easement. Finch responded to that petition by seeking recovery of his expenses, arguing that the District should be required to pay all expenses incurred by him in the defense of his property interests, including attorneys' fees and court costs. The trial court agreed and, on October 23, 1979, judgment was entered in favor of Finch for his expenses in the amount of $10,682.23. The District filed its notice of appeal, but before the appeal was carried out the trial court, on March 21, 1980, set aside the judgment of October 23 and dismissed Finch's petition for costs and attorneys' fees. The appeals from both judgments have been combined and both parties have appealed, the District contending that the trial court erred in the entry of its judgment on October 23, 1979, while Finch asserts that the trial court erred in setting aside the October 23 judgment. He urges that the court was without jurisdiction to set aside the prior judgment as more than 90 days had elapsed and no grounds existed, and he also urges that the court was wrong in its determination that it was precluded from granting him a judgment for his attorneys' fees. The style of the case is confusing as it shows the District to be the appellant (which it was from the judgment of October 23),

while the true appellant (from the second order of the court) is Finch.

The District submits that the statutes regulating the organization and operation of levee and drainage districts Ark. Stat. Ann. § 21-901 et seq (Repl. 1968), do not authorize the granting of attorneys' fees to a landowner who goes into court to contest the report of the appraisers as to the amount of damage to be inflicted upon his land, and we agree. Ark. Stat. Ann. § 35-1105 (Repl. 1962), the statute authorizing the abandonment of a condemnation action after an award is made, allows the landowner to recover his "costs," but we have held many times that attorneys' fees are normally not recoverable unless specifically authorized by statute. *Williams* v. *Little Rock Civil Service Commission et al*, 266 Ark. 599, 585 S.W. 2d 42 (1979). However, Finch points out the exception to the general rule and contends that this case is most similar to *Housing Authority of the City of Little Rock* v. *Amsler, Judge*, 239 Ark. 592, 393 S.W. 2d 268 (1965), wherein we held that a landowner may recover a reasonable attorney's fee, as well as other expenses, when a condemning agency fails to act in good faith in instituting and, later, abandoning condemnation proceedings.

The landowner argues in this case that there is sufficient evidence in the record to demonstrate a lack of good faith on the part of the condemning authority which, of course, the District disputes. Finch points out that had the District limited the project to its original scope, there would have been no need for the floodage easement upon his property. Only when the Soil Conservation Service persuaded the District to furnish the right-of-way for the recreational reservoir did Finch's land become "necessary." He further contends that the District knew of its limited funds when it opted for the expanded project, so it can hardly be said that it was unfairly surprised by its financial limitations. From the facts before this court it seems at least to have been very poor judgment for the District to have filed the condemnation action in this case with insufficient funds to pay a $30,000 judgment, and at least poor planning for the District to have allowed $3,400,000 to be spent by others for the construction of a dam

that cannot be closed due to the District's inability to pay for the right-of-way on Finch's land.

In view of this factual dispute upon which the trial court made no specific finding, we remand this matter for a hearing to determine if the condemning authority acted in good faith. If the court finds the District did not act in good faith, it would be proper for the trial court to reinstate its order of October 23, 1979. However, if the finding should be to the contrary, the court's order of March 21, 1980, should remain in effect. Of course, either party disagreeing with the decision of the trial court may specifically address the issue of good faith and other pertinent issues on a subsequent appeal based on the record made on those issues. Due to our method of disposition of this case, we intentionally have not addressed Finch's contention that the trial court lacked jurisdiction to set aside its order of October 23, 1979.

Remanded.

PURTLE, J., not participating.