J. Carlton RIGGS *v.* Jo Ann SHERIDAN

CA 87-108                                      737 S.W.2d 175

Court of Appeals of Arkansas
Division II
Opinion delivered October 7, 1987

*Joe Cambiano*, for appellant.

*Brazil, Clawson & Adlong*, by: *Matthew W. Adlong*, for appellee.

JAMES R. COOPER, Judge. The appellant in this civil case, a real estate broker, negotiated the sale of the appellee's home in

Fairfield Bay to David T. Hopkins and Barbara Hopkins for the sum of $106,500.00. The sale contract provided that the buyers would pay for the property by making a cash down payment of $10,000.00 at closing and executing a deed of trust for the balance. The appellant's commission, $6,390.00, was to be deducted from the down payment as part of the closing costs. At the appellant's suggestion, however, the buyers made a cash down payment at closing of only $2,797.00 in addition to the $1,000.00 earnest money they had previously paid, and gave the appellant a promissory note for $6,300.00 for his brokerage commission, the note being secured by a second mortgage on the property they were purchasing. The buyers subsequently defaulted on their mortgage payments to the appellee, and the appellee filed a foreclosure action against them without making the appellant a party to the action. Prior to trial, the appellee and the buyers arranged a settlement whereby the appellee accepted a quitclaim deed from the buyers in release of their note and first mortgage to her. The appellee then brought an action against the appellant to cancel his second mortgage on the property, alleging fraud and breach of fiduciary duty. The appellant counterclaimed, seeking judgment against the appellee in the amount of the buyer's debt, and foreclosure of his second mortgage. Following trial, the chancellor declared the second mortgage void, struck it from the record, and denied the appellant's counterclaim. From that decision, comes this appeal.

For reversal, the appellant contends that the trial court erred in striking the second mortgage from the record and denying his counterclaim for foreclosure of the second mortgage. We find no error, and we affirm.

The appellant contends that striking his mortgage and denying his counterclaim was error because the appellee took the quitclaim deed from the buyers subject to all mortgages of record. Generally, a mortgage lien is extinguished only by payment or release, *Barnett* v. *Bank of Malvern*, 176 Ark. 766, 4 S.W.2d 17 (1928), and one who purchases land on which there is a recorded mortgage takes with notice of it and subject to the mortgagee's rights. *First State Bank* v. *Cook*, 192 Ark. 213, 90 S.W.2d 510 (1936); *see Vernon* v. *Lincoln National Life Insurance Co.*, 200 Ark. 47, 138 S.W.2d 61 (1940).

Although it is undisputed that the appellant's second mortgage was recorded, the appellee denies that she had knowledge of that second mortgage prior to filing her foreclosure suit against the buyers. She testified that she was unaware that the buyers had executed a note and mortgage to the appellant for his commission, and that it was her understanding that the appellant had received his commission at closing. The appellee's closing statement indicates that the buyers paid a cash down payment of $10,000.00, and that the appellant's brokerage commission was deducted from that payment. The only indication that more than one mortgage existed on the property is a reference to "attorney's preparation of mortgages and notes (½ of $90.00)," found in the closing statement. The appellee could thus assume, from the documentary evidence, that the appellant had been paid his brokerage commission from the buyers' down payment at closing. We find that the chancellor was presented with sufficient evidence to support a finding that the appellant, who was the appellee's broker, did not fully disclose to the appellee the substance of his negotiations with the buyers.

A real estate broker or seller's agent has a duty to disclose the terms of pending negotiations so that the seller may act advisedly in determining whether an offer is satisfactory; a broker who fails to correctly disclose material facts concerning the negotiations is not entitled to a commission, even if he produces a buyer who is ready, willing, and able to purchase. *Carnahan* v. *Lyman Real Estate Co.*, 170 Ark. 519, 280 S.W. 5 (1926); *Silver Fox, Inc.* v. *Penfield Real Estate, Inc.*, 267 Ark. 805, 590 S.W.2d 869 (Ark. App. 1979). A broker owes his principal the utmost good faith and loyalty, and is at all times required to make a full disclosure to his principal, not withholding any valuable information from him, and a broker who fails to make that disclosure forfeits all rights to compensation and renders himself liable for any profits derived. *Toney* v. *Haskins*, 7 Ark. App. 98, 644 S.W.2d 622 (1983).

Our standard of review is clear. The findings of the chancellor will not be disturbed on appeal unless they are clearly against the preponderance of the evidence and, because the question of the preponderance of the evidence turns heavily upon questions of credibility, we defer in this regard to the chancellor's superior position to determine the credibility of the witnesses.

*Toney* v. *Haskins, supra*; ARCP Rule 52(a). Although the chancellor in the case at bar made no specific finding of fraud or breach of fiduciary duty on the part of the appellant, he did question the appellant's close personal relationship with the buyers, and whether the appellant fully disclosed to the appellee the negotiations surrounding the purchase. Under these circumstances, we cannot say that the chancellor erred in denying the appellant's counterclaim and striking his mortgage from the record.

Affirmed.

CORBIN, C.J., and COULSON, J., agree.