CHARLESTON SCHOOL DIST. NO. 9 *v.* SEBASTIAN COUNTY BD. OF EDUC.

89-52 778 S.W.2d 614

Supreme Court of Arkansas
Opinion delivered October 30, 1989

Thompson, Paddock & Llewellyn, P.A., by: William P. Thompson; and Parker & Parker, by: Wayland A. Parker II, for appellant.

Stephen A. White, for appellee.

ROBERT H. DUDLEY, Justice. These consolidated cases involve a territorial dispute between the Lavaca and Charleston School Districts. The circuit court declined to decide the issues joined by the pleadings and, instead, ordered that the case be decided by a special election. We reverse and remand.

We recite only those facts which are necessary for an understanding of this opinion. In 1929, the Sebastian County Board of Education ordered that Mays Chapel School District No. 20 and Ursula School District No. 31, which together comprise the disputed 3,886 acres, be consolidated with the Lavaca School District No. 3. There was no appeal from that order.

The Lavaca School District joins the west side of the disputed tract. The Charleston district joins the east side. Beginning in 1949, at the latest, the school taxes collected on the disputed land were paid by the county treasurer to the Charleston district, rather than to the Lavaca district.

On November 2, 1987, the Lavaca district sought and obtained a chancery court restraining order which temporarily enjoined the distribution of taxes from the disputed area and set a hearing on the merits to determine the lawful distributee of the tax money. On November 19, 1987, the Sebastian County Board of Education reaffirmed its consolidation action taken in 1929.

Charleston then filed a cross-complaint and a counterclaim in the chancery action. Concurrently, in circuit court, Charleston gave a notice of appeal and filed a petition for a writ of certiorari to quash the county board of education's 1929 order. The chancery action was transferred to circuit court.

At trial, Lavaca pleaded, offered proof, and argued that the board of education's order of 1929 was a valid and final order and, pursuant to it, Lavaca was entitled to the tax revenues. Charleston pleaded, offered proof, and argued that the 1929 order was void, and alternatively that Lavaca should be estopped from claiming the disputed territory. The trial court did not rule on any of these matters but, instead, ordered a special election to decide the case.

 The creation, abolition, or consolidation of school districts is a function of the legislative branch of government. *Beard* v. *Albritton*, 182 Ark. 538, 31 S.W.2d 959 (1930). "This court has several times held that a school district is the creature of the Legislature, or of some governmental agency named by the Legislature." *School Dist. No. 25* v. *Pyatt Spec. School Dist.*, 172 Ark. 602, 289 S.W. 778 (1927). The General Assembly has vested the county boards of education with the authority to form or consolidate school districts. *Lyerley* v. *Manila School Dist. No. 15*, 214 Ark. 245, 215 S.W.2d 733 (1948); Ark. Code Ann. § 6-13-201 (Supp. 1987). The authority to call an election lies exclusively with the county board. *Fomby School Dist. No. 26* v. *Williams*, 203 Ark. 235, 156 S.W.2d 220 (1941). "Discretion to form new districts is vested by the law in the several boards of education and not in the circuit court." *Bledsoe* v. *McKeowen*, 181 Ark. 584, 26 S.W.2d 900 (1930). The trial court was without any lawful basis to call the special election and, accordingly, we must reverse.

 Both the Lavaca and Charleston districts agree that the court erred in calling the special election, and both ask us to hear this appeal de novo and rule on the issues which were not ruled upon by the trial court. We do not try circuit court cases de novo. Accordingly, we must remand the case for retrial, with the parties being in the same position they were immediately before rendition of the judgment. See supplemental opinion, *Clark* v. *Arkansas Democrat Co.*, 242 Ark. 497, 413 S.W.2d 629 at 633 (1967),

and *Lowe* v. *Morrison*, 270 Ark. 668, 606 S.W.2d 569 (1980).

Reversed and Remanded.