Angelia CUDE *v.* Arron B. CUDE

84-311                                                   691 S.W.2d 866

Supreme Court of Arkansas
Opinion delivered July 1, 1985

*Boswell, Smith & Clardy*, by: *Ted Boswell*, for appellant.

*Ponder & Jarboe*, for appellee.

DAVID NEWBERN, Justice. The issue in this case is whether the court erred in not removing the administrator of a decedent's estate for unsuitability caused by alleged misrepresentations and a conflict of interest.

The main problem is that the appellant, who is the decedent's widow, has decided she wants her interest and that of her daughter to be represented by different attorneys from those chosen by the appellee, who is the father of the decedent and administrator of his estate. She would like to replace the appellee and the attorneys he has chosen with a bank to serve as administrator and then presumably prevail upon the bank to hire attorneys she would like to bring a wrongful death action.

As we must interpret Ark. Stat. Ann. § 62-2203 (Repl. 1971) which governs suits to remove administrators, our jurisdiction stems from Arkansas Supreme Court and Court of Appeals Rule 29. 1. c. We affirm the trial court's refusal to remove the administrator.

## 1. Standing and Choice of Counsel

On October 6, 1983, and at the instance of appellee Burrel Cude, the appellant went with Burrel to the law offices of Ponder and Jarboe where she signed an instrument petitioning the court to appoint Burrel as administrator of her deceased husband's estate. The trial court, upon hearing Angelia's subsequent petition for removal of Burrel as administrator, found that at the time Angelia nominated Burrel she had been advised of her right to nominate whomever she chose. The court also found that no undue influence was asserted and no misrepresentations were made to Angelia to get her to nominate Burrel.

■ Burrel testified that he and one of the lawyers to whom he took Angelia explained to her the duties of an administrator. Angelia testified she did not remember having been told. If there is a conflict in this testimony we see no reason for saying the judge's determination that there was no misrepresentation was clearly erroneous. Ark. R. Civ. P. 52(a).

The record shows that Burrel contracted with Ponder and Jarboe to file the wrongful death action on October 29, 1983. Burrel testified that at the meeting of Angelia, Burrel and attorney Ponder it was explained to Angelia that Ponder and Jarboe were not being hired to file a wrongful death action, and there was discussion about Burrel trying to settle the death claim without incurring lawyers' fees. When Burrel decided to ask Ponder and Jarboe to pursue the claim, some twenty-three days later, he did not notify Angelia.

Angelia, apparently failing to understand that such an action may be pursued only by the administrator, hired other attorneys to represent her and her daughter, thinking that they could file the death claim.

■ We are cited to no authority showing that Burrel had a duty to consult with Angelia about his pursuit of a wrongful death action. The personal representative of the decedent, in this case the administrator, is clearly the party to bring the action. Ark. Stat. Ann. § 27-907 (Supp. 1983). While the widow and daughter of the deceased are beneficiaries of any wrongful death recovery, Ark. Stat. Ann. § 27-908 (Repl. 1979), we are cited to no case or statute giving them standing as parties to the action. Therefore it

was not they, but Burrel, whose duty and right it was to pursue the action, subject to the probate court's approval, and to choose counsel for that purpose.

## 2. *Conflict of Interest*

The second reason advanced by Angelia for her contention that the court should have removed Burrel as administrator is that Burrel holds legal title to the home in which she and the decedent lived but in which she has an equitable interest because her husband, the decedent, was making payments to Burrel toward purchase of the property, apparently pursuant to an unwritten contract. Burrel acknowledged he purchased the property for the decedent and Angelia because they could not afford loan payments, and that his intention had always been to allow them to purchase the home from him while they continued to live in it but that he had not received any payments. Angelia says the conflict is demonstrated by the failure of Burrel to list the decedent's interest in the home as an asset of the estate.

The court found there was no conflict of interest between Burrel and the estate "in that he does not intend to file a claim against the estate." There may, of course, be a conflict between the interest of Burrel and that of Angelia, and a court may ultimately have to resolve it by determining whether Angelia and the decedent had acquired an interest in the home. The real question here, however, has nothing to do with such a conflict but with whether, in terms of Ark. Stat. Ann. § 62-2203 (Repl. 1971), the appellee is "unsuitable" to continue as administrator. We find no reason to set aside the trial court's finding that he was not unsuitable.

The only case cited by the appellant on this point is *Price* v. *Price*, 258 Ark. 363, 527 S.W.2d 322 (1975), in which we required the probate court to remove an administratrix who persistently acted in her own interests in order to deprive her stepchildren of their entitlements. There the administratrix had failed to follow specific orders of the court. Here we have no demonstration of any such misconduct.

## Conclusion

We cannot end this opinion without noticing some curious provisions in the court's order refusing to remove the appellee as administrator. The order, in paragraph 5., says "no attorney's fee [will be] paid to Ponder and Jarboe with regard to any monies which are awarded to Angelia Cude by settlement or suit and that she is entitled to have independent representation." In the last paragraph it is ordered "that Angelia Cude is entitled to her own independent representation." Taken together, these statements might be read to mean that the appellant will be a party to the wrongful death action. Although she may have counsel to see to it her interests are protected, she will not be a named party to the suit. Whether Ponder and Jarboe would be entitled to fees on a portion of a judgment or settlement designated as being on behalf of Angelia is not at issue here, and thus we refrain from comment on that point. However, we again emphasize that there will be only one wrongful death action brought by only one plaintiff.

Affirmed.

PURTLE, J., dissents.

Justice George Rose Smith not participating.

JOHN I. PURTLE, Justice, dissenting. The widow and children of a decedent are the ones most affected by the handling of the decedent's estate. Certainly the widow should be able to decide which attorney she wants to represent her and her child. In the present case it is obvious the personal representative has a conflict of interest with the estate. He failed to list an interest in the home where decedent and the widow resided as part of the estate. The widow claims an interest in the home which she and her husband were buying from the decedent's father, who persuaded the widow to go to his attorney's office and sign the papers to have him appointed personal representative. I would grant the petition to remove appellee as the personal representative of the decedent's estate.