Phillip D. SUMMERS *v.* Thomas Rex MYLAN

85-126                                              697 S.W.2d 91

Supreme Court of Arkansas
Opinion delivered October 14, 1985

*Howell, Price & Trice, P.A.*, by: *Ronald A. Hope*, for appellant.

*Dodd, Kidd, Ryan & Moore*, by: *Richard N. Moore, Jr.*, for appellee.

JACK HOLT, JR., Chief Justice. This adoption case concerns the effectiveness of the withdrawal of a consent to adopt by the natural father. The trial court held that his consent was effectively withdrawn and ordered the adoption decree set aside. We affirm. Our jurisdiction is pursuant to Sup. Ct. R. 29(1)(c) as we are being asked to interpret provisions of the Revised Uniform Adoption Act, Ark. Stat. Ann. §§ 56-201—56-221 (Supp. 1985).

The facts giving rise to this lawsuit are rather unusual. The appellant, Phillip Summers, was married to Peggy Summers. Mrs. Summers had two children, seven year old twins, by a previous marriage to appellee, Thomas Mylan. The twins had

lived with the Summerses for almost one year when, on January 9, 1985, Mr. Mylan executed a consent to adoption to allow the Summerses to adopt the children. As part of his consent, he waived all rights to notice of any future proceedings. Later on the same evening of January 9, Mrs. Summers was killed when her home burned.

After Mrs. Summers' death, Mr. Mylan's attorney, Ray Baxter, contacted Mr. Summers' attorney, Eugene Fitzhugh, and indicated that Mr. Mylan would file a petition for guardianship of the twins. Mr. Fitzhugh told Mr. Baxter that he would not use the consent to adoption executed by Mr. Mylan. On January 17, 1985, Mr. Mylan filed a Petition for Guardianship in Saline County.

After the conversation between Mr. Baxter and Mr. Fitzhugh, Mr. Summers retained a different attorney and, using Mr. Mylan's consent to adoption, filed a petition for adoption in Pulaski County. A decree of adoption was entered on the same date, March 14, 1985. On March 27, 1985, Mr. Mylan filed a motion to set aside the adoption, alleging that the consent became null and void as a result of the death of Mrs. Summers and the representations of Mr. Fitzhugh. It is from the trial court's ruling, that the consent was effectively withdrawn, that this appeal is brought.

The evidence presented at the hearing on this matter demonstrated that Mr. Summers had notice that a guardianship proceeding was pending in Saline County at the time he filed his adoption petition in Pulaski County. He did not apprise the trial judge of that fact however. Mr. Fitzhugh testified that he told Mr. Summers he would not file a petition for adoption under these circumstances and, apparently because of his unwillingness to file the petition, Mr. Summers changed attorneys. The trial judge made the following statement during the hearing:

> There was a subterfuge and a fraud worked on this Court. There was an open hearing in Saline County with a guardianship pending which tells you that he has withdrawn his consent to adoption, and you come in and bring those papers to me and had me sign them. That ain't right.

The trial judge concluded the hearing by stating, "I signed

the thing unaware of all of these facts, and I certainly have a right to set it aside, and I am going to. . ."

■ Arkansas R. Civ. P. Rule 60(b) provides that a decree or order may be set aside within 90 days of its having been filed with the clerk to correct any error or mistake or to prevent a miscarriage of justice.

■ Here, the decree of adoption was entered on March 14, 1985, and the order setting it aside was filed May 16, 1985. The judge therefore was acting within the 90 day period. Furthermore, the judge's finding that a fraud had been practiced on the court allowed him to set aside the decree to prevent a miscarriage of justice.

■ The appellant relies on the provisions of the Revised Uniform Adoption Act and, in particular, on Ark. Stat. Ann. § 56-209 (Supp. 1985). Part (a) of that statute provides, "[a] consent to adoption cannot be withdrawn after the entry of a decree of adoption."

■ Section 56-209 is not dispositive of this issue. The question here is not whether consent to adoption was properly withdrawn. The question is whether it was proper for the court to set aside its decree upon discovering it was not aware of pertinent facts when the decree was entered. Whether or not Ark. R. Civ. P. 60(b) applies to this kind of special, non-adversarial proceeding, *see* Ark. R. Civ. P. 81, we hold the court has inherent authority to set aside a judgment it perceives to have been entered as a result of fraud on the court. *See Blissard Management & Realty Inc.* v. *Kremer*, 284 Ark. 136, 680 S.W.2d 694 (1984), *rehearing denied; Massengale* v. *Johnson*, 269 Ark. 269, 599 S.W.2d 743 (1980).

Affirmed.

PURTLE, J., not participating.