Donald J. ADAMS, Special Administrator for the Estate of Sue S. MORAK *v.* Don WEST, Administrator of the Estate of Sue S. MORAK

87-56                                                     736 S.W.2d 4

Supreme Court of Arkansas
Opinion delivered September 21, 1987

*Donald J. Adams*, for appellant.

*Gresham & Kirkpatrick*, by: *James E. Gresham*, for appellee.

DAVID NEWBERN, Justice. Donald J. Adams, an attorney who was appointed special administrator for the purpose of taking an appeal from an earlier ruling of the probate judge in this case, has appealed from an order granting him a fee. His contention is that the fee he was granted for the legal work he performed was too little. His argument is mainly that he was appointed as a special administrator but was expected to act as an attorney and that the court erred in considering itself bound to limit the fee to that authorized by Ark. Stat. Ann. § 62-2208(a) (Supp. 1985) for personal representatives. His second argument is that, if he was being compensated as an attorney, the fee was too small. The judge reconsidered his ruling in response to a brief filed by Mr. Adams and found that the fee was adequate whether it was considered a personal representative's fee under § 62-2208(a) or an attorney's fee under Ark. Stat. Ann. § 62-2208(d) (Supp. 1985), which sets forth the guidelines for fees for attorneys who represent the personal representatives of decedents. We cannot say the court's holding was erroneous, and therefore we affirm.

This is the third appeal involving the estate of Sue Morak. The appeal giving rise to the work performed by Mr. Adams was of a decision by the judge that some $380,000 in Ms. Morak's safe deposit box was the property of parties named Davison. Mr. Adams was appointed special administrator to appeal that decision, and he prevailed in this court, thus saving $380,000 for the estate against the claim of the Davisons. *Newton County* v. *Davison*, 289 Ark. 109, 709 S.W.2d 810 (1986). After that

appeal, Mr. Adams submitted his report to the court and asked for a fee of $40,000 or $50,000. The court entered an order that he be paid $11,500, stating that the fee was limited to that amount by § 62-2208(a). In a hearing on the matter of Mr. Adams's fee, counsel for Newton County, which had been a party to the litigation, stated he thought Mr. Adams's fee should be $35,000. The judge asked the parties to brief the issue whether there was authority to award a fee in addition to the $11,500 the court had approved and "retained authority" to rule on the matter if such briefs were submitted. Mr. Adams did brief the issue.

Thereafter, and after this appeal had been docketed in this court, the probate judge entered a further order, noting that he had retained the authority to do so. Mr. Adams supplemented the record with that order and does not argue that the court lacked jurisdiction to enter it. In that order, the court said, in part, after noting that it could order a fee paid to Mr. Adams under either § 62-2208(a) or (d):

> Mr. Adams did not have a contingent fee arrangement. He did not keep a record of his time spent on the case. He did not abstract the record for the Supreme Court but relied upon the abstract done by Newton County. He filed three short appellate briefs with total texts (including title pages), respectively of three pages, three pages and nine pages. He orally argued the case before the Supreme Court. Considering the law and the record, the Court finds that the fees already allowed in this case are adequate compensation, that they are earned and are just and reasonable and that the court is without authority based upon either the law or the facts in this case to allow any more fees to Mr. Adams. In addition, the court has also considered this matter from the standpoint of whether, no matter which schedule is applied to the fee request, has Mr. Adams been shown to have earned a fee greater than the one allowed and after considerable thought, the Court is of the opinion that he has not and that the allowance of any more would be excessive, therefore, the request for additional fees still pending is hereby denied.

Had the court held it was limited to a fee for Mr. Adams based solely on the schedule provided for personal

representatives, we might well have agreed there was error. However, it is apparent that ultimately the court held that it could not, on the basis of the facts presented, justify a fee for Mr. Adams in excess of $11,500 even under the section permitting a fee to be paid to an attorney representing the estate. The trial court and the appellant agree that the appellant's sole purpose as special administrator was to prosecute the appeal on behalf of the estate as an attorney. He performed no administrative duties involving the property of the estate. Section 62-2208(d) sets forth a fee schedule for an attorney hired by a personal representative as follows: 5% of the [first] $5,000; 4% of the next $20,000; 3% of the next $475,000; 2 ¾% of the next $300,000; 2½% of the next $600,000; and 2% of the value of the remainder. We have done the arithmetic involved, and the fee on $380,000, according to the schedule, would be $11,000. The statute allows the court to award a higher or lower fee, based upon its determination of the value of the legal services rendered. That is primarily a factual determination to be made by the judge, and we will not reverse his decision unless it is clearly erroneous. Ark. R. Civ. P. 52(a). We cannot say that it is clearly erroneous in this case.

Affirmed.