Mary Bracy SMART, Guardian of Carol Bracy Bilheimer,
An Incompetent, et al. *v.* Rosalind Hunter BIGGS, et al.

CA 88-108                                        760 S.W.2d 882

Court of Appeals of Arkansas
Division I
Opinion delivered December 14, 1988
[Rehearing denied January 11, 1989.]

142

*Joe B. Reed*, for appellant.

*Scott, Lashlee & Watkins, P.A.*, by: *John R. Scott*, for appellee.

JAMES R. COOPER, Judge. The appellants in this guardianship case appeal from the probate court's denial of their petition to set aside an order permitting transfer of the ward's assets into an irrevocable trust in which the ward's previous guardian had a beneficial interest. The appellants contend that the transfer of the ward's assets into the guardian's trust was incompatible with the guardian's duties to the ward and her estate, and that the probate court's prior order authorizing the transfer should have been set aside. We affirm.

The record shows that Josiah Bilheimer filed a petition in 1986 alleging that his wife, Carol Bilheimer, was incapacitated by Alzheimer's Disease. Josiah was appointed to serve as guardian of Carol's person and estate on May 12, 1986. In the order of appointment, the probate court found that Carol owned separate property consisting of eleven shares of General Motors stock, twelve shares of Ford Motor stock, and a $3,000.00 certificate of deposit. The court also found that Carol and Josiah jointly held property valued at $150,000.00.

On November 13, 1986, the probate court granted Josiah's petition to sell certain property, finding that it was in Carol's best interest to authorize Josiah to convey all property interests owned or held by Carol to the First National Bank and Trust Company of Rogers, Arkansas, in its capacity as trustee of the Josiah Bilheimer Irrevocable Trust. The irrevocable trust provided for trust income to be paid, at the trustee's sole discretion, for Carol's benefit. Any remaining income was, by the terms of the trust instrument, to be paid to Josiah. Moreover, the trustee was authorized to make payments of the trust principal to Josiah at

his direction. Trust assets remaining after the deaths of Josiah and Carol were to be distributed to Rosalind Hunter Biggs or, if Ms. Biggs was no longer living, to Josiah's heirs at law.

Josiah died on December 12, 1986. Mary Smart, Carol's nearest living relative, was appointed Carol's temporary guardian on January 29, 1987, and permanent successor guardian on February 19, 1987. On December 19, 1987, Mary Smart, in her capacity as successor guardian, filed a pleading alleging that the November 13, 1986, order authorizing the transfer of Carol's property to the trustee of the irrevocable trust was not in Carol's best interest, and asking that the order be set aside. On December 24, 1987, the probate court found that the order of November 13, 1986, should not be set aside, and this appeal ensued.

We initially note that the appellees have contended that the time for appeal from the order of November 13, 1986, has run under Ark. R. App. P. 4, and that this appeal is therefore barred. We find no merit in this contention, because this appeal is not brought from the November 1986 order *per se*, but rather from the order of December 24, 1987, in which the probate court denied the motion to set aside the earlier order. The record shows that the notice of appeal was filed on January 10, 1988, within the thirty-day period provided for in Ark. R. App. P. 4(a).

The appellees also argue that, because the appellant, Mary Smart, waived notice of all hearings and proceedings prior to her appointment as successor guardian, she now lacks standing in her capacity as successor guardian to challenge the order permitting the transfer of the ward's property to the irrevocable trust. We disagree. Unless expressly restricted to decedent's estates, the provisions of Ark. Code Ann. § 28-1-113 (1987) are applicable to guardians. *See* Ark. Code Ann. § 28-65-103(a) (1987). Section 28-1-113 provides that a written waiver by an interested party is effective when made by a legally competent person *in his own behalf.* Mary Smart is not a party to this action in her own behalf, however, but rather in her representative capacity as successor guardian, and we hold that her personal waiver does not bar her from challenging the order on behalf of the ward where her personal waiver was executed prior to her appointment as successor guardian.

The appellant contends that the probate court erred in

denying the motion to set aside the order permitting Josiah to transfer his ward's assets to the trustee of the irrevocable trust. We do not agree, because it is apparent that there were no grounds which would authorize the probate court to set aside the order of November 13, 1986, over one year after it had been entered. The appellant, citing *Crider* v. *Simmons*, 192 Ark. 1075, 96 S.W.2d 471 (1936), contends that the transfer of Carol's property into the irrevocable trust constituted fraud *per se*. Even assuming, *arguendo*, that the transfer was fraudulent *per se*, we find no error. Rule 60(c)(4) of the Arkansas Rules of Civil Procedure authorizes the trial court to modify or vacate an order, at any time, for "fraud practiced by the successful party *in obtaining the judgment*." (Emphasis supplied). The Rule thus permits vacation or modification of an order after 90 days only in cases of fraud practiced upon the court in obtaining the judgment. *See Summers* v. *Mylan*, 287 Ark. 150, 697 S.W.2d 91 (1985); *Turner* v. *Turner*, 221 Ark. 932, 257 S.W.2d 271 (1953). The record shows that Josiah included a full text of the irrevocable trust agreement in his November 13, 1986, petition to transfer his ward's property to the irrevocable trust. The fact that the trial court may have reached an erroneous conclusion is not a sufficient basis for setting aside a judgment after 90 days, in the absence of evidence to support a finding that the judgment was obtained through fraud, practiced on the court, by the successful party. *See Field* v. *Waters*, 175 Ark. 1169, 1 S.W.2d 807 (1928). Because there is no such evidence in the record of the case at bar, we hold that the trial court lacked authority to set aside the judgment after 90 days, and therefore did not err in refusing to set aside the November 13, 1986, order authorizing the transfer of Carol's property to the irrevocable trust.

Affirmed.

COULSON and JENNINGS, JJ., agree.