James N. NABERS *v.* The ESTATE OF Elmo SETSER

92-137                                          833 S.W.2d 375

Supreme Court of Arkansas
Opinion delivered July 6, 1992

*Lingle & Corley*, by: *James G. Lingle*, for appellant.

*Wayne Ackerman* and *H. Clay Fulcher*, for appellee.

STEELE HAYS, Justice. This appeal challenges the probate judge's denial of legal fees rendered in connection with the estate of Elbert Elmo Setser, deceased. In December 1990 the probate judge awarded expenses and $26,410.25 in fees for legal services, noting that the amount of work exceeded that normally required by an estate of comparable size.

In August 1991 the administrator, James N. Nabors, petitioned for the allowance of additional expenses and legal fees of $11,380. In December 1991 a successor probate judge approved the expenses but declined to allow additional legal fees and the administrator appeals on two points of error: The probate judge misinterpreted Ark. Code Ann. § 28-48-108(d) (1987), and abused his discretion in the amount of fees awarded. Finding neither argument persuasive, we affirm the order appealed from.

Citing *Morris v. Cullipher*, 306 Ark. 646, 816 S.W.3d 878 (1991), appellant urges that § 28-48-108(d) is not a cap on the amount of fees payable to attorneys for legal services in the administration of decedent's estates. Appellant points out that the probate judge did not find the requested amount unreasonable and that none of the heirs objected.

While the trial court stopped short of characterizing the amount as unreasonable, we find nothing in his remarks at the end of a brief hearing from which to infer that he construed the statute could be exceeded in "exceptional cases" and noted the amount previously awarded was more than twice as much as would normally be paid for administration of an estate of this size, adding, "And it seems to me that's enough." It is clear the conclusion reached by the trial court was that the amount previously paid was sufficient.

In *Adams v. West*, 293 Ark. 192, 736 S.W.2d 4 (1987), we emphasized that § 28-48-108 authorizes the probate court to increase or decrease fees in accordance with the value of legal services rendered. There, an attorney, appointed as special administrator for purposes of appealing a ruling of the probate judge, requested a fee of $40,000 to $50,000. The probate court awarded a fee of $11,500 and the attorney appealed. In affirming the probate judge, we wrote:

Had the court held it was limited to a fee for Mr. Adams based solely on the schedule provided for personal representatives, we might well have agreed there was error. However, it is apparent that ultimately the court held that it could not, on the basis of the facts presented, justify a fee for Mr. Adams in excess of $11,500 even under the section permitting a fee to be paid to an attorney representing the estate. . . . The statute allows the court to award a higher or lower fee, based upon its determination of the value of the legal services rendered. That is primarily a factual determination to be made by the judge, and we will not reverse his decision unless it is clearly erroneous. Ark. R. Civ. P. 52(a). We cannot say that it is clearly erroneous in this case.

■ Appellant's second point is succinctly stated: "Since the court found in December of 1990 that it was an extraordinary case and awarded fees at that time, to allow the attorneys to work for free without warning from December 1990 through August of 1991 is an abuse of discretion." However, we find no basis for measuring the trial court's discretion in the allowance of fees. There is no testimony as to the value of the legal services, or of the nature and extent of the services performed, or the results achieved, or anything else from which to judge. The order of December 1990 does mention 349.55 hours spent, but that was covered by the fee allowance of $26,410 and the time invested thereafter on the affairs of the estate is nowhere stated. In short, appellant has not shown an abuse of discretion by the trial court in the allowance of fees. *Morris* v. *Cullipher*, *supra*.

Affirmed.