Lavenia McGUIRE and Roderick McGuire *v.* Edith SMITH,
Personal Representative of the Estate of George McGuire

CA 96-340 946 S.W.2d 717

Court of Appeals of Arkansas
Divisions I and II
Opinion delivered June 11, 1997

*John David Myers*, for appellants.

*The Cortinez Law Firm, P.A.*, by: *Robert S. Tschiemer*, for appellee.

TERRY CRABTREE, Judge. Appellants Lavenia and Roderick McGuire, mother and son, appeal the order of the probate court denying their motion to set aside the court's order approving settlement of a wrongful-death claim and authorizing

attorney's fees in the amount of thirty percent of the settlement amount. Finding no error, we affirm.

George McGuire died intestate on October 21, 1992. Appellee Edith Smith filed a petition for appointment as administratrix of the estate on June 17, 1993. The probate court appointed appellee administratrix of the decedent's estate. Appellants Lavenia McGuire and Roderick McGuire, as widow and son of the deceased, contested the appointment, stating that they had not received notice of the petition and that appellee was not a daughter of the deceased. Appellants requested, in part, that appellee be removed as administratrix. Appellee responded that she was the daughter of the deceased and that, even if she were not, she was qualified to serve as personal representative. Appellants filed an amended motion asserting that appellee apparently was contending that she was an illegitimate daughter of the deceased and that if appellee was an illegitimate child of the deceased, her claim of inheritance was barred by Ark. Code Ann. § 28-9-209(d) (1987). Appellants also requested that no attorneys' fees, costs, or expenses attributable to establishing appellee's claim be taken from the assets of the estate. On January 5, 1994, the probate court entered an order striking appellee and another illegitimate sister from being characterized as, or having the status of, heirs at law of the decedent.

On January 7, 1994, appellee filed a petition for authorization to settle the wrongful-death claim of the decedent. The petition stated that the decedent had died as a result of a collision with a car driven by a North Little Rock police officer. The petition stated that North Little Rock had minimum liability coverage of $25,000 and that North Little Rock offered appellee $25,000 to settle any claim. The petition further stated that the decedent had automobile liability insurance with State Farm Insurance Company that afforded underinsured coverage of $25,000. Appellee sought to settle the claims for $50,000, with her attorney's fee being thirty percent of the recovery. The probate court entered an order authorizing the settlement on January 28, 1994.

On August 11, 1994, appellants filed a motion to set aside the order approving the compromise, asserting that they had not been

served with the petition and had only learned of the petition and order granting it five and one-half months after the fact, while reviewing the court file. Appellants asserted that they were entitled under the Arkansas Rules of Civil Procedure to be served with a copy of the petition. They alleged that, had they been served, they would have opposed the petition, particularly the distribution of nearly one-third of the recovery to appellee's attorney. Appellants asserted that their attorney had been offered policy limits by the insurance companies and that appellee's attorney sought and collected $15,000 for telling the insurers where to send the check. Appellants asked the probate court to set aside the order authorizing settlement and require appellee's attorney to return the $15,000 to the estate.

Appellee responded that the motion to set aside the order was untimely and that appellants did not allege or prove any grounds that would authorize setting the order aside pursuant to Ark. R. Civ. P. 60. Appellee further contended that appellants had no standing to contest the order authorizing settlement, as the personal representative is the one authorized to compromise a claim. Appellee also asserted that appellants were not entitled to notice. Appellants amended their motion to set aside the order to state that by failing to include a certificate of service on the petition and by not serving the petition on appellants, appellee had perpetrated fraud on the court.

After hearing arguments, the probate court denied the motion to set aside the order. The court found that failure to serve appellants with the petition for authorization did not constitute fraud that would allow the court to set aside the order after the expiration of ninety days, because a personal representative is not required to give notice of such a petition. The court cited Ark. Code Ann. § § 28-49-104 (1987) and 16-62-102 (Supp. 1995) and *Dukes v. Dukes*, 233 Ark. 850, 349 S.W.2d 339 (1961), as authority supporting her ruling.

Appellants argue on appeal that the trial court erred in failing to set aside its order approving settlement. Appellants assert that appellee was required to serve them with the petition to settle the wrongful-death claim of the decedent, George McGuire. It is

appellants' position that the failure of appellee to serve them with notice constituted fraud, thus allowing the probate court to set aside the order approving the settlement more than sixty days after it was entered. Appellants argue that without notice to the beneficiaries, there could be no input as to what the best interests of the beneficiaries were and that the trial court did not have sufficient facts upon which to base an opinion that the settlement was in their best interest. Appellants rely on Rules 1 and 5 of the Arkansas Rules of Civil Procedure in arguing that they were entitled to notice.

Appellee responds that appellants' motion to set aside the order approving the settlement was untimely filed pursuant to Ark. R. Civ. P. 60. Appellee asserts that appellants were not entitled to be served with the petition to settle the claim and that, therefore, there could be no fraud based on not serving them with the petition. Appellee states that the wrongful-death claim is not an asset of the estate, and therefore, it is understandable that it would not be necessary to give the heirs notice of any settlement of the wrongful-death claim.

Pursuant to Rule 60(b) of the Arkansas Rules of Civil Procedure, a court may modify or set aside an order to correct any error or mistake or to prevent the miscarriage of justice, upon motion of any party or the court, within ninety days of the order having been filed with the clerk. Appellants' motion to set aside the order approving the settlement was filed long after the expiration of ninety days. However, after the expiration of ninety days, a court may vacate or modify a judgment or order upon certain, enumerated bases. Ark. R. Civ. P. 60(c). Appellants moved the court to set aside the order on the basis that appellee had practiced fraud on the court in obtaining the judgment pursuant to Ark. R. Civ. P. 60(c)(4).

In *First National Bank v. Higginbotham*, 36 Ark. App. 65, 818 S.W.2d 583 (1991), the supreme court explained Rule 60(c)(4):

> The fraud for which a decree will be canceled must consist in its procurement and not merely in the original cause of action. *Alexander v. Alexander*, 217 Ark. 230, 229 S.W.2d 234 (1950). It is

not sufficient to show that the court reached its conclusion upon false or incompetent evidence, or without any evidence at all, but it must be shown that some fraud or imposition was practiced upon the court in the procurement of the decree, and this must be something more than false or fraudulent acts or testimony the truth of which was, or might have been, an issue in the proceeding before the court which resulted in the decree assailed. *Id.* Even though the fraud that vitiates a judgment may be constructive rather than actual, constructive fraud is nonetheless a species of wrongdoing. *Ark. State Hwy. Comm'n. v. Clemmons,* 244 Ark. 1124, 428 S.W.2d 280 (1968). Constructive fraud is defined as a breach of a legal or equitable duty which, irrespective of the moral guilt of the fraud feasor, the law declares fraudulent because of its tendency to deceive others. Neither actual dishonesty nor intent to deceive is an essential element. *See RLI Ins. Co. v. Coe,* 306 Ark. 337, 813 S.W.2d 783 (1991). The party seeking to set aside the judgment has the burden of showing that the judgment was obtained by fraud, *see Karam v. Halk,* 260 Ark. 36, 537 S.W.2d 797 (1976), and the charge of fraud must be sustained by clear, strong, and satisfactory proof. *Ark. State Hwy. Comm'n. v. Clemmons, supra.*

*Id.* at 69, 818 S.W.2d at 585.

■ In the present case, appellee did not practice fraud in order to obtain the order granting authority to settle the wrongful-death claim. It is undisputed that the petition for authorization to settle the wrongful-death claim did not contain a certificate of service representing to the trial court that the petition had been served upon appellants. This being so, failure to serve appellants cannot constitute fraud. There is no evidence that appellee represented to appellants that she would serve them with a copy of the pleadings if she petitioned the court to approve settlement. Nor is there evidence that appellee represented to the court that she had served appellants with the petition. This is simply a situation in which appellee petitioned the court for authority to settle the wrongful-death claim and did not serve appellants with the petition. The court then made its decision. The fact that the court may have reached a decision that appellants consider to be erroneous is not grounds to set aside an order after ninety days from the date of filing has expired. *Smart v. Biggs,* 26 Ark. App. 141, 760 S.W.2d 882 (1988). There is no evidence in this case that

the order was obtained through fraud, and the trial court properly refused to set aside its order approving the compromise of the wrongful-death claim pursuant to Rule 60(c)(4).

■ Furthermore, applying statutory and case law, appellee was not required to serve appellants with notice of her petition to settle the lawsuit. Appellants rely on Rules 1 and 5 of the Arkansas Rules of Civil Procedure in arguing that they were entitled to be served with the petition to authorize settlement. Rule 1 of the Arkansas Rules of Civil Procedure provides that the rules shall govern the procedure in circuit, chancery, and probate courts in all actions of a civil nature with the exceptions stated in Rule 81. Rule 81 provides that the rules apply to all civil actions, "except in those instances where a statute which creates a right, remedy or proceeding specifically provides a different procedure in which event the procedure so specified shall apply." Rule 5 of the Arkansas Rules of Civil Procedure provides in part:

> Except as otherwise provided in these rules, every pleading and every other paper, including all written communications with the court, filed subsequent to the complaint, except one which may be heard ex parte, shall be served upon each of the parties, unless the court orders otherwise because of numerous parties.

Rules 1 and 5 of the Arkansas Rules of Civil Procedure are not controlling in this matter.

■ Applying Ark. Code Ann. §§ 16-62-102 (Supp. 1995) and 28-49-104 (1987) and the case of *Dukes v. Dukes*, 233 Ark. 850, 349 S.W.2d 339 (1961), appellants were not entitled to notice. Section 16-62-102, entitled "Wrongful death actions — Survival," provides in pertinent part:

> (b) Every action shall be brought by and in the name of the personal representative of the deceased person. If there is no personal representative, then the action shall be brought by heirs at law of the deceased person.
> . . .
> (d) The beneficiaries of the action created in this section are the surviving spouse, children, father and mother, brothers and sisters of the deceased person, persons standing in loco parentis to the deceased person, and persons to whom the deceased stood in loco parentis.

(e) No part of any recovery referred to in this section shall be subject to the debts of the deceased or become, in any way, a part of the assets of the estate of the deceased person.

. . .

(g) The judge of the court in which the claim or cause of action for wrongful death is tried or is submitted for approval of a compromise settlement, by judgment or order and upon the evidence presented at trial or in connection with any submission for approval of a compromise settlement, shall fix the share of each beneficiary, and distribution shall be made accordingly. However, in any action for distribution shall be made accordingly. . . .

(h) Nothing in this section shall limit or affect the right of probate courts having jurisdiction to approve or authorize settlement of claims or causes of action for wrongful death, but the probate courts shall consider the best interests of all the beneficiaries under this section and not merely the best interest of the widow and next of kin as now provided by § 28-49-104.

Ark. Code Ann. § 16-62-102(b), (d), (e), (g), and (h) (Supp. 1995). Section 28-49-104 of the Arkansas Code Annotated provides in material part:

(a) When it appears to be for the best interest of the estate or in the case of an action for wrongful death or for the best interest of the estate or widow or next of kin, the personal representative, upon the authorization of or approval by the court, may effect a compromise settlement of any claim, debt, or obligation due or owing to the estate, whether arising in contract or tort, or he may extend, renew, or in any manner modify the terms of any obligation owing to the estate.

Ark. Code Ann. § 28-49-104(a) (1987).

■ In *Dukes v. Dukes*, 233 Ark. 850, 349 S.W.2d 339 (1961), the Arkansas Supreme Court addressed the appellant's argument that the trial court erred in holding that he had received notice of the settlement of a wrongful-death action. The appellant was the decedent's son, who appeared through his grandmother. The appellee was the decedent's widow, who was the administratrix of the estate, and who, as the administratrix, had filed an action for wrongful death and settled it. The appellant challenged the appellee's use of part of the settlement proceeds to pay debts of the estate. The supreme court rejected the appellant's

argument that the trial court erred in determining that he had been given notice of the administratrix's actions, simply stating:

> The probate court did find that the "exceptor had notice through counsel of steps taken by the administratrix" and it appears from the record that the matter of the settlement of the death claim was discussed informally between counsel. We do not think the matter of notice was important. In *Reed, et al v. Blevins, et al*, 222 Ark. 202, 258 S.W.2d 564, this court said:
>
>> "Under the foregoing Statute [Act 53 of 1883 which is similar to the one in question here] we have always held that when a personal representative was appointed, such personal representative was the only person who could maintain a suit for damages for wrongful death * * *" and in *Southwestern Gas & Electric Company v. Godfrey*, 178 Ark. 103, 10 S.W.2d 894, it was said that joining of party plaintiffs other than the personal representatives was error, though not prejudicial.

*Id.* at 851-52, 349 S.W.2d at 340. Applying this language from *Dukes* to the present case, it is apparent that appellee, as the personal representative, was the only person who could pursue the action for wrongful death, and appellants were not entitled to notice of the petition for authority to settle the claim.

The court in *Dukes* went on to address the appellant's argument that the trial court erred in holding that the amount recovered in the wrongful-death claim should be applied to the debts of the estate. The court held that this was error, because:

> "The damages are recovered in the name of the personal representative of the deceased, but do not become assets of the estate. * * * The administrator is the formal party to the maintenance of the action, and becomes a mere trustee for those entitled under the statute to the amount recovered."
>
> It therefore becomes evident that the administratrix has but one relationship to the recovery for a wrongful death and that is as a trustee of conduit and beyond that status, in these circumstances, she may not go.

*Id.* at 853, 349 S.W.2d at 341 (quoting in part *Adams v. Shell*, 182 Ark. 959, 961, 33 S.W.2d 1107, 1108 (1931)). *Dukes* supports appellee's position that she was not required to serve appellants

with her petition for authority to settle the wrongful-death claim. Appellee is the personal representative in this case and, thus, the only one authorized to pursue the wrongful-death claim. Additionally, the damages recovered from the settlement of the wrongful-death claim did not become assets of the estate.

In *Cude v. Cude*, 286 Ark. 383, 691 S.W.2d 866 (1985), the Arkansas Supreme Court explained that the personal representative of the decedent, not the beneficiaries, has the right to pursue a wrongful-death action and to choose an attorney for that purpose. In *Cude*, the appellant, who was the decedent's widow, sought to have the administrator of the estate removed for unsuitability. The appellant contended that the administrator had made misrepresentations and had a conflict of interest. The administrator had asked two attorneys to pursue a wrongful-death claim and did not notify the appellant concerning the arrangement. The appellant hired her own attorneys to pursue a wrongful-death action on behalf of herself and her daughter. The supreme court noted that the appellant failed to understand that such an action can only be pursued by the administrator. The court explained:

> We are cited to no authority showing that Burrel had a duty to consult with Angelia about his pursuit of a wrongful death action. The personal representative of the decedent, in this case the administrator, is clearly the party to bring the action. Ark. Stat. Ann. 27-907 (Supp. 1983). While the widow and daughter of the deceased are beneficiaries of any wrongful death recovery, Ark. Stat. Ann. 27-908 (Repl. 1979), we are cited to no case or statute giving them standing as parties to the action. Therefore, it was not they, but Burrel, whose duty and right it was to pursue the action, subject to the probate court's approval, and to choose Counsel for that purpose.

*Id.* at 385-86, 691 S.W.2d at 867. In concluding, the court pointed out that the appellant could have counsel to see that her interests are protected, but that she would not be a party to the suit. Applying *Cude* to the present case, appellants would not be parties to any wrongful-death action. Appellee is the only one with the duty and right to file an action or settle the claim and to choose counsel for that purpose. It follows that appellants are not

entitled to notice of the petition for authorization to settle the claim.

 The court in *Brewer v. Lacefield*, .301 Ark. 358, 784 S.W.2d 156 (1990), cited both *Dukes* and *Cude* in rejecting the appellant's argument that counsel retained by her, as a beneficiary, were entitled to fees on a portion of the wrongful-death proceeds attributable to the beneficiary. The court stated that, pursuant to Ark. Code Ann. § 16-62-102(b), every wrongful-death action shall be brought by the personal representative of the deceased person, if there is a personal representative. The court explained that the wrongful-death provisions do not create an individual right in a beneficiary to bring suit. The court further explained:

> It is the duty of the personal representative, not the benefi-
> ciaries, to choose counsel to pursue a wrongful death claim pur-
> suant to our wrongful death code provisions.

*Id.* at 362, 784 S.W.2d at 158 (citing *Cude, supra*). Thus, in the present case, it was appellee's right and duty to choose counsel to pursue the wrongful-death claims and to decide how to contract with the counsel concerning his fee.

 While this court does not approve of or encourage the practice of not serving the beneficiaries with notice of a petition for authority to settle a wrongful-death claim, the probate court did not err in denying the motion to set aside the order approving settlement and authorizing payment of thirty percent of the recovery to appellee's attorney. The probate court correctly found that appellee did not perpetrate fraud on the court in obtaining the order. We affirm.

PITTMAN, STROUD, and MEADS, JJ., agree.

ROGERS, J., concurs.

JUDITH ROGERS, Judge, concurring. I concur in the decision of the court. However, I write separately to point out that the probate judge had the authority to reconsider the award of attorney's fees, but on a ground not argued by the appellants below or in their brief in this court.

The appellants in this case have sought to set aside that portion of an order previously entered by the probate court authorizing the payment of an attorney's fee, based on a claim that the amount of the fee was excessive. In the Probate Code, the subject of attorney's fees is covered by Ark. Code Ann. § 28-48-108 (1987), which provides in pertinent part:

> A personal representative, upon election, may fix . . . the fees of the attorneys of the estate . . . without prior approval of the court, but the reasonableness of the compensation of any person so employed . . ., either on petition of any interested person, on petition of the personal representative, or on the court's own initiative, shall be reviewed by the court. Any person who has received excessive compensation from the estate for services rendered may be ordered to make appropriate refunds.

This statute plainly suggests that the compensation of attorneys retained by the personal representative is subject to scrutiny by the probate court. Indeed, a probate court has the discretion to fix the amount of attorney's fees in accordance with the value of the services rendered. *Nabers v. Estate of Setser*, 310 Ark. 194, 833 S.W.2d 375 (1992). And, an administrator has no right to make a contract for legal services that is binding on the court. *Black v. Thompson*, 237 Ark. 304, 372 S.W.2d 593 (1963).

Although the case has been presented to this court as being one controlled by Rule 60 of the Rules of Civil Procedure, the authority of a probate court to set aside a previous order is not limited by that rule. Arkansas Code Annotated § 28-1-115(a) (1987) provides that, for good cause, a probate court may vacate or modify an order, or grant rehearing, at any time before the time for appeal has elapsed after the final termination of the estate. It has been said that this statute is designed to afford a probate court greater flexibility with regard to the finality of its orders. *Price v. Price*, 258 Ark. 363, 527 S.W.2d 322 (1975). We have recognized that a probate court has the authority to vacate, modify, or reconsider its orders for "good cause" pursuant to the statute, notwithstanding the provisions of Rule 60. *White v. Toney*, 37 Ark. App. 36, 823 S.W.2d 921 (1992).

Based then on Ark. Code Ann. § 28-1-115, the probate court had the authority to reconsider the fee award under the

"good cause" standard enunciated in the statute. A finding of fraud under Rule 60 was simply not necessary to justify reconsideration of the order. Although the specter of Rule 60 was interjected by appellee, appellants never argued to the probate court that it had the power to revisit the issue pursuant to this statute, and the matter was tried as if the order could only be set aside under Rule 60. Moreover, appellants have made no argument in this appeal based on Ark. Code Ann. § 28-1-115. Under these circumstances, we cannot rest our decision upon the statute. It is a familiar rule of practice that an appellate court does not reverse on a ground not argued by the appellant, even when the record is subject to *de novo* review on appeal. *See Cummings v. Boyles*, 242 Ark. 923, 415 S.W.2d 571 (1967). Consequently, I must agree to affirm.