Bob SCOTT and June Ball *v.*
ESTATE OF Lyllah Mae PRENDERGAST, Deceased;
Gale Lyn Rutledge; and Kathleen Marie Craft

CA 04-211                                      204 S.W.3d 110

Court of Appeals of Arkansas
Opinion delivered February 23, 2005

*Jerry B. Dossey, P.L.C.,* by: *Jerry B. Dossey,* for appellees.

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.,* by: *Leigh Anne Shults,* for appellant.

JOSEPHINE LINKER HART, Judge. Bob Scott and June Ball appeal from an order of the Benton County Circuit Court

awarding attorney fees in the amount of $4,166.25 after Scott had submitted a fee petition asking for $32,623.90. On appeal, they argue that the trial court abused its discretion by reducing the amount of attorney fees, asserting that the evidence does not support the trial court's award and that the requested fees were consistent with the statutory fee schedule for probating an estate.[1] We hold that the order entered by the trial court does not comport with the standards established by our supreme court, and we reverse and remand this case for further consideration by the trial judge.

We note that the trial judge made no findings from the bench after holding a hearing on Scott's fee petition; nor were findings requested by the appellants. Furthermore, in her order awarding fees, the trial judge merely recited that she had reviewed the testimony from the hearings, the pleadings, exhibits, and Rule 1.5 of the Arkansas Model Rules of Professional Conduct, and, without making specific findings of fact, made the fee award. On this record, we are unable to properly review the fee award.

Although the right to recover attorney fees is created by statute, *see* Arkansas Code Annotated section 28-65-319 (Repl. 2004), in *Bailey v. Rahe*, 355 Ark. 560, 142 S.W.3d 634 (2004), the supreme court imposed a requirement that trial courts in guardianship cases apply the factors set out in *Chrisco v. Sun Indus.*, 304 Ark. 227, 800 S.W.2d 717 (1990), as a basis of evaluating the amount of attorney fees to award. The *Bailey* court listed the *Chrisco* factors as follows:

> (1) the experience and ability of counsel; (2) the time and labor required to perform the legal service properly; (3) the amount involved in the case and the results obtained; (4) the novelty and difficulty of the issues involved; (5) the fee customarily charged in the locality for similar services; (6) whether the fee is fixed or contingent; (7) the time limitations imposed upon the client in the circumstances; and (8) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

We are mindful that the factors concerning the reasonableness of an attorney's fees that are listed in Rule 1.5 of the

---

[1] Although June Ball is a named appellant and her requested fees as guardian of the person were also substantially reduced by the order appealed from, the argument herein only references the attorney fees; therefore, we consider any allegations of error regarding her fees to be abandoned on appeal.

Arkansas Model Rules of Professional Conduct are similar to those articulated in *Chrisco*.[2] However, we hold that this case does not turn on the mere fact that the Rule 1.5 factors are but an imperfect substitute for those articulated in *Chrisco*. In *Bailey v. Rahe, supra,* the trial judge made no findings of fact justifying an award of attorney fees that was less than was requested in a fee petition. The supreme court reversed, stating: "we are unable to discern exactly on what basis [the trial court] did so." *Id.* Significantly, the *Bailey* court required that these findings be made on the trial court's own motion and articulated with sufficient clarity that a review of the trial court's reasons for setting the amount of the award would be discernable on appeal. *Id.* Here, as in *Bailey*, the trial court made no findings whatsoever. Accordingly, we, like the supreme court in *Bailey*, are "unable to discern exactly on what basis" the trial judge made her award. We therefore reverse this case and remand it to the trial court for the purpose of analyzing the fee award in accordance with the above referenced *Chrisco* factors and making findings that will enable us to review the fee award.

Reversed and remanded.

BIRD, GRIFFEN, and VAUGHT, JJ., agree.

ROAF and CRABTREE, JJ., dissent.

---

[2] In pertinent part, Rule 1.5 states:

(a) A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

(b) When the lawyer has not regularly represented the client, the basis or rate of the fee shall be communicated to the client, preferably in writing, before or within a reasonable time after commencing the representation.

ANDREE LAYTON ROAF, Judge, dissenting. I do not agree that this case should be reversed. Arkansas Rule of Professional Conduct 1.5 states that a lawyer's fee shall be reasonable. The rule also lists factors to be considered in determining the reasonableness of the fee. Ark. R. Professional Conduct 1.5(a). The factors include: (1) time and labor required, the novelty and difficulty of the question involved, and the skill requisite to perform the legal services properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; (8) whether the fee is fixed or contingent.

Regarding guardianship cases, our case law also provides that in determining what is a reasonable attorney's fee, it is proper to consider the amount and character of the services rendered, the labor, time, and trouble involved, the nature and importance of the litigation or business in which the services were rendered, the amount or value of the property involved in the employment, the skill or experience called for in the performance of the services, and the professional character and standing of the attorney. *See Johnson v. Guardianship of Ratcliff*, 72 Ark. App. 85, 34 S.W.3d 749 (2000). The value of legal services and the determination of whether to increase or decrease a fee award is primarily a factual one, which will not be reversed unless it is clearly erroneous, and the trial court is in the best position to determine the value of legal services and to award a proper fee. *Id.*

A personal representative may employ legal counsel in connection with the probate of a will, and the attorney shall prepare and present to the circuit court all necessary notices, petitions, orders, and all necessary legal instruments. Ark. Code Ann. § 28-48-108(d)(1) (Repl. 2004). For the legal services performed, the attorney, unless otherwise contracted with the personal representative, heirs, and beneficiaries of the estate, shall be allowed a reasonable fee based on the total market value of the real and personal property reportable in the circuit court based on the schedule of fees outlined in subsection (d)(2) of section 28-48-108. Ark. Code Ann. § 28-48-108(d)(2) (Repl. 2004). If the trial court determines that the schedule of fees set out in subsection (d)(2) is

excessive or insufficient, under the circumstances, then the trial court shall allow an attorney fee commensurate with the value of the legal services rendered. Ark. Code Ann. § 28-48-108(d)(3); *see also Nabers v. Estate of Setser*, 310 Ark. 194, 833 S.W.2d 375 (1992) (stating that § 28-48-108 authorizes the trial court to increase or decrease fees in accordance with the value of legal services performed rendered).

With these principles in mind, I cannot agree that the authority relied upon by the majority, *Bailey v. Rahe*, 355 Ark. 560, 142 S.W.3d 634 (2004), compels reversal of this case. In *Bailey,* the supreme court stated that it was unable to discern the basis for the trial court's decision to reduce the attorney's fees requested. The court stated that "[C]learly, the trial court did not consider or *allude to* either the *Jones* factors or the *Chrisco* factors. . . ." *Id.* at 566. The court held that because the trial court failed to consider the *Chrisco* factors, the case would be reversed and remanded for the trial court to make such an analysis. Here, the trial court's order expressly references Rule 1.5 of the Arkansas Rules of Professional Conduct in reaching the fee decision, which sets forth factors similar if not more extensive than those listed by the court in *Chrisco*.

More importantly, the majority has interpreted *Bailey* as requiring that a trial court, on its own motion, make specific findings of fact on the record with regard to the *Chrisco* factors when determining the amount of the fee to be awarded. Although the dissent in *Bailey* warns of such an outcome, I can find no such holding in the *Bailey* majority opinion. The decision clearly requires only that the trial court consider such factors. I cannot say that the trial court erred in this instance, where it expressly considered the appropriate factors in setting the fee, and where there was no further request by the appellant for specific findings of fact.

I would affirm.

CRABTREE, J., joins.